IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN NIKOLS,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID CHESNOFF AND GOODMAN & CHESNOFF,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR A TRO<br><br><br><br>Case No. 2:10-CV-4 TS |

Plaintiff's Motion for a Temporary Restraining Order (TRO) seeks an order temporarily restraining a sheriff's sale scheduled for noon on January 12, 2010.

Plaintiff's Motion sets forth the following facts: Several parcels of real property were the subject of prejudgment, and later a postjudment writ of attachment in a case against Plaintiff's son in the Third Judicial District Court of Salt Lake County, State of Utah (the state court action). In December 2009 Plaintiff objected to the execution on the writ of attachment on those parcels in the state court action. The state court set the matter for a hearing on January 6, 2010. On January 4, 2010, Plaintiff filed this diversity action making a claim to the parcels under several state law theories, including quiet title. The

1

Complaint in this case raises only state law issues—there are no federal claims in this case.

On January 6, 2010, in the state court action, the judge issued an order authorizing the execution on the writ of attachment (the Order). Plaintiff appealed that Order to the Utah Court of Appeals. As part of that appeal, he filed an Emergency Writ to Stay Sheriff's Sale.[1] Even though this very issue—emergency stay of the Order—is now pending before the Utah Court of Appeals on Plaintiff's own motion, he now requests the same relief from this Court.

Plaintiff argues that the Utah Court of Appeals has not acted with a sense of urgency in this matter. However, it is apparent from the rule cited by Plaintiff, Utah Rule of Appellate Procedure 8A, that it was procedurally possible for that appellate court to have fixed a shorter response time and to have held an immediate hearing. However, it did not because Plaintiff did not prevail in convincing the appellate court of the emergency nature of his request. Thus, Plaintiff, who did not prevail on obtaining the requested emergency relief in the state court system is asking this Court to intervene with its own emergency relief.

The standard for the grant of a TRO was stated in the case *Bachman By and through Bachman v. West High School*, 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997) and is incorporated herein.

The Court need not address whether Plaintiff has met the standard for a TRO for

---

[1] Docket No. 6-3.

following reasons. This Court finds that where Plaintiff has already appealed the Order to the Utah Court of Appeals, and has filed an emergency motion in that appeal, jurisdiction over that Order and over the request for an emergency stay of that Order has attached in the Utah Court of Appeals. To issue an injunction in these highly unusual circumstances would, in effect, be to interfere in the proceedings in the state court. In other words, it would basically enjoin the state court's writ of execution while it is pending on appeal.

Under the Anti Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except" under three limited circumstances, none of which apply in this case.

Further, even if this Court could issue such an injunction, this court sua sponte concludes that the *Younger*[2] abstention doctrine requires abstention on the stay issue pending before the Utah Court of Appeals.

> The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." "To assure this end, Younger articulated a narrow exception now applied to state criminal, . . . civil, . . . or administrative proceedings . . . which commands a federal court to abstain from exercising jurisdiction when three conditions have been established."
>
> "First, there must be ongoing state criminal, civil, or administrative proceedings." "Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit." "Third, the state proceeding must involve important state interests, which traditionally look to state law for their resolution or implicate separately articulated state policies."[3]

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

[3] *Sanchez v. Wells Fargo Bank, N.A.*, 307 Fed.Appx. 155, 158, (10th Cir. 2009) (*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997); *Taylor v. Jaquez*, 126 F.3d

3

As to the requested stay/injunction, the Court finds that all of the *Younger* requirements are met.

It is therefore

ORDERED that Plaintiff's Motion for a TRO is DENIED.

DATED   January 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

1294, 1297 (10th Cir. 1997)).  The Court finds *Sanchez*, an unpublished case, to be helpful on this issue.