IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN NIKOLS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID CHESNOFF, an individual; and GOODMAN & CHESNOFF, a Nevada professional corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS<br><br><br><br>Case No. 2:10-CV-4 TS |

    This matter is before the Court on Defendants David Chesnoff, an individual, and Goodman and Chesnoff, a Nevada Corporation's (collectively "Defendants") Motion for Rule 11 Sanctions.[1] This matter was remanded for further consideration by the 10th Circuit Court of Appeals.[2] Defendants move the Court to "strike the Federal Action and impose a sanction against [Plaintiff John Nikols] and his counsel in an amount equal to [Defendants'] attorney's

---

[1] Docket No. 22.

[2] Docket No. 53.

1

fees and costs in obtaining such relief."[3]  For the reasons discussed below, the Court will deny Defendants' Motion.

## I. PROCEDURAL HISTORY

On June 28, 2010, this Court entered its Memorandum Decision and Order Granting Defendants' Motion to Dismiss (the "Order").[4]  Pursuant to its Order, the Court granted Defendants' Motion to Dismiss,[5] finding Plaintiff John Nikols's quiet title and equitable lien claims were barred by res judicata.  Moreover, the Court denied Defendants' Motion for Sanctions; denied all other pending motions as moot; and directed the clerk of court to close the case.[6]  Plaintiff appealed this Court's grant of Defendants' Motion to Dismiss and Defendants cross-appealed the Court's denial of its Motion for Rule 11 Sanctions.[7]  On appeal, the Tenth Circuit affirmed the Court's finding of claim preclusion and dismissal of Plaintiff's claims.  However, the Tenth Circuit reversed this Court's denial of Defendants' Motion for Rule 11 Sanctions—finding that the Court erred in denying Defendants' Motion without the proper consideration required by Rule 11—and remanded for the limited purpose of determining whether Plaintiff violated Rule 11.[8]

---

[3]Docket No. 23, at 16.

[4]Docket No. 40.

[5]Docket No. 10.

[6]See Docket No. 40, at 13.

[7]Docket No. 22.

[8]Docket No. 53, at 13-15.

## II. BACKGROUND

In 2002, Michael Nikols ("Michael") was arrested for distribution of a controlled substance. In 2005, Michael hired David Chesnoff to represent him, entering into an attorney-client retainer agreement. Michael agreed to pay Defendants $350,000 to represent him in *United States v. Michael John Nikols*,[9] regardless of the outcome.[10] Plaintiff, Michael's father, paid $160,000 of the fee, but the remaining $190,000 went unpaid.[11] In 2005, Michael pled guilty to distribution of a controlled substance.

In December of 2005, Defendants, concerned that they may never receive the remaining amount of their retainer fee, obtained a pre-judgment writ of attachment in state court on four parcels ("the Parcels") in Murray, Utah, which Michael owned at the time.[12] On January 31, 2006, after the prejudgment writ of attachment, Michael transferred his interest in the Parcels by quitclaim deed to Plaintiff. In August 2007, a Utah state court granted Defendants' Motion for Summary Judgment, granting him the $190,000 of unpaid fees.[13] The state court further held that the pre-judgment writ of attachment would continue as a post-judgment writ of attachment on the Parcels.[14] The state court, however, prohibited execution of the attachment until Plaintiff, who

---

[9] No. 2:04-CR-00786 PGC.

[10] Docket No. 11, at 3.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 4.

[14] *Id.* at 4.

claimed true ownership of the Parcels, could conduct discovery and make his claims regarding his interest in the Parcels.

In April 2008, following post-judgment discovery and hearing, the state court held that Plaintiff failed to meet his burden of establishing that a resulting trust existed with respect to the Parcels.[15] The state court further held Michael to be the owner when Defendants attached the Parcels in December 2005. As a result, Defendants were entitled to proceed with the execution of the attachment.[16] Plaintiff appealed and, in a March 2009 decision, the Utah Court of Appeals affirmed the trial court's decision.[17]

In December 2009, Defendants issued a writ of execution on the Parcels.[18] The Salt Lake County Sheriff served the writ on both Michael and Plaintiff on December 3, 2009, and set the sheriff's sale for January 12, 2010. In response, both Michael and Plaintiff filed *pro se* objections to the writ in Utah state court. On January 6, 2010, the state court denied all of the Plaintiff's objections and authorized the January 12, 2010 sheriff's sale to proceed.[19] Plaintiff then filed a motion for emergency writ to stay the sheriff's sale in the Utah Supreme Court. The motion was transferred to the Utah Court of Appeals and subsequently denied.

---

[15] *See* Docket No. 11, Ex. C at 4.

[16] *Id.*

[17] *See Nikols v. Goodman & Chesnoff*, 206 P.3d 295 (Utah App. 2009).

[18] Docket No. 11, Ex. E.

[19] *See* Docket No. 11, Ex. H at 9-13.

Plaintiff filed his Emergency Motion for Temporary Restraining Order *Enjoining Sheriff's Sale* with this Court on January 11, 2011.[20]  This Court denied Plaintiff's Motion on January 12, 2010.  On the same day, Defendants credit bid their judgment at the sheriff's sale of the Parcels.

On February 1, 2010, Defendants filed a Motion to Dismiss Plaintiff's claims.[21]  On February 26, 2010, Defendants filed a separate Motion for Rule 11 Sanctions.[22]  Plaintiff filed his Opposition to Defendants' Motion for Rule 11 Sanctions on March 15, 2010.[23]  As stated above, this Court dismissed Plaintiff's claims on June 28, 2010.

### III.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 11(b), an attorney or unrepresented party who presents a pleading, written motion, or other paper to the court

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

---

[20] Docket No. 6.

[21] Docket No. 10.

[22] Docket No. 22.

[23] Docket No. 28.

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[24]

Thus, "Rule 11 mandates sanctions against attorneys and/or their clients when pleadings, motions, or other signed papers in the district court are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose."[25]

Moreover, the Tenth Circuit has held that "an attorney's action must be objectively reasonable in order to avoid Rule 11 sanctions," and "[a] good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances."[26]

Federal Rule of Civil Procedure 11(c) provides the following requirements that must be met for the Court to impose sanctions.  Relevant to this case are the following:

(1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

---

[24]Fed. R. Civ. P. 11(b).

[25]*Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.*, 891 F.2d 1473, 1484 (10th Cir. 1989).

[26]*White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990).

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
. . .

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
. . .

(6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.[27]

IV. DISCUSSION

As a preliminary matter, the Court notes that the requirements of Rule 11(c)(2) have been met. Defendants filed their Rule 11 sanction motion separate from all other motions[28] and Plaintiff did not remove or amend his Complaint within 21 after service of Defendants' Motion.

The Court will review each of the claims included in Plaintiff's Complaint under the standard set out in Rule 11(b). Plaintiff alleged claims of (1) quiet title; (2) superior equitable lien; and (3) unjust enrichment by occupying claimant pursuant to Utah Code § 57-6-4(2)(a).

---

[27] Fed. R. Civ. P. 11(c)(1), (2), (4), & (6).

[28] *See* Docket No. 22.

A. QUIET TITLE/EQUITABLE LIEN

Defendants allege that Plaintiff and his counsel should be subject to sanctions on Plaintiff's first two claims, for equitable lien and quiet title, because these claims are patently barred by the doctrine of res judicata or claim preclusion.

The Court, in its Order, did find that these claims were barred by res judicata or collateral estoppel. Upon comparing these claims to those brought in the underlying state court actions, this Court held, "[i]t is clear that the causes of action are identical according to both the transactional and the identity of the facts tests. Therefore, these claims are barred by res judicata."[29] The Court's decision was subsequently affirmed by the Tenth Circuit Court of Appeals.[30] Additionally, in its Order, the Court found that these claims were reasonably brought.[31]

The Court now finds that Plaintiff's first two claims, while barred by collateral estoppel, were not so frivolous as to not be grounded in fact or not warranted by existing law or a good faith argument for its extension. Moreover, the Court is not persuaded that Plaintiff's claims were brought for an improper purpose. Therefore, the Court finds that sanctions are not warranted as to these claims.

---

[29] Docket No. 40, at 12 (internal citations and quotations omitted).

[30] *See* Docket No. 53, at 13.

[31] *See* Docket No. 40, at 2.

B.  OCCUPYING CLAIMANT

Defendants assert that the Court should grant Rule 11 sanctions as to Plaintiff's unjust enrichment claim based upon the Occupying Claimant statute, Utah Code Annotated § 57-6-42. Defendants argue that the claim has no factual basis and no amount of discovery would help Plaintiff prove a set of facts entitling Plaintiff to relief. Plaintiff contends that "the most that could be said for [Defendants'] argument . . . is that it reflects a disagreement in statutory construction, with Plaintiff advancing an interpretation solidly based on controlling Utah Supreme Court precedent."[32]

Once more, in its Order, the Court disagreed with Plaintiff. However, the Court did conduct analysis as to statutory construction. The Court ultimately dismissed the claim because of "an absence of case law construing a judgment lien holder as an 'owner.'"[33] This Court held that Plaintiff "failed to state a set of facts to make relief plausible on its face" as he "cite[d] no case law from any jurisdiction holding a judgment lien holder to be an owner of real property within the meaning of the Act nor d[id] he cite any other authority for such an interpretation."[34] This Court was unwilling to reach the interpretation of the statute advocated by Plaintiff without supporting case law from Utah state courts.

Here, Defendants correctly assert that, pursuant to their interpretation of the Occupying Claimant statute, Plaintiff could claim no factual basis for recovery. However, Plaintiff's

---

[32] Docket No. 28, at 2.

[33] Docket No. 40, at 8.

[34] *Id.*

9

argument was for an interpretation of the statute to make the statute applicable to the facts of his situation. The Court finds that Plaintiff's claim met the requirement that legal contentions be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. For this reason, the Court will decline to grant sanctions against Plaintiff on this claim.

## V.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion for Rule 11 Sanctions (Docket No. 22) is DENIED. The Clerk of Court is directed to close this case forthwith.

DATED   November 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge